In the Matter of ROBERT C. KING (Admitted as ROBERT CHARLES KING), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 15, 1989

### APPEARANCES OF COUNSEL

*Gary L. Casella (Thomas F. O'Hare* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on December 23, 1981, under the name Robert Charles King.

By judgment of the Supreme Court, Westchester County, rendered March 4, 1988, the respondent was convicted of operating a motor vehicle while in an intoxicated condition as a felony under Vehicle and Traffic Law § 1192 (3) and (5), his driver's license was revoked, and he was sentenced to five years' probation and a $500 fine. According to Vehicle and Traffic Law § 1192 (5) this constituted a class E felony.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to

be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and SULLIVAN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Robert C. King, admitted under the name Robert Charles King, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Richard C. King, admitted under the name Robert Charles King, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.